**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HANJIN INTERMODAL AMERICA, INC., | CASE NO. |
| Plaintiff, | JUDGE |
| vs. | CIVIL ACTION |
| ELLASPOCKET LLC | **COMPLAINT** |
| Defendant. | JURY TRIAL DEMANDED |

Plaintiff HANJIN INTERMODAL AMERICA, INC., ("HJI" or "Plaintiff"), by its attorneys, Montgomery McCracken Walker & Rhoads LLP, as and for its complaint against defendant ELLASPOCKET LLC ("Ellaspocket" or "Defendant") alleges the following:

**NATURE OF THE ACTION**

1.      Plaintiff HJI is an international logistics service provider that provides international transportation and shipping services and solutions for various import and export retail and commerce customers.

2.      Defendant Ellaspocket was a client of HJI – pursuant to a written Service Agreement, dated March 25, 2024 (Reference No. 152) (the "Agreement").

3.      This is an action to recover payments due for transportation services rendered by HJI to Ellaspocket.

4.      Ellaspocket has failed to respond to multiple HJI's pre-litigation demands for payment and has dishonorably failed to pay.

5.      HJI is entitled to receive the value of its services, together with interest, costs of suit, attorneys' fees, and such other relief as the Court deems just and equitable.

## THE PARTIES

6.      Plaintiff HJI is an Illinois corporation with a principal place of business at 15913 S. Main St., Gardena, CA 90248.

7.      Defendant Ellaspocket is a Limited Liability Company registered to do business in New Jersey with a principal place of business at 145 Industrial Ave., Unit A, Little Ferry, NJ 07643.  Upon information and belief, on or around July 31, 2026, Ellaspocket has moved to a new location at 36 E Wesley St. South Hackensack, NJ 07606.  Upon information and belief, Defendant Ellaspocket's sole member, Daniel Lim, is a resident of New Jersey.

## JURISDICTION

8.      This Court has federal diversity over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between citizens of Illinois, California, and New Jersey, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

## VENUE

9.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Defendant resides in New Jersey.

10.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

11.     The parties' Agreement contains a California forum provision concerning any litigation arising or relating to the Agreement.  Plaintiff hereby explicitly and voluntarily waives any such forum limitation.

12.    Litigation in the United States District Court for the District of New Jersey serves the interests of all parties and the administration of justice.  New Jersey is the most accessible, convenient, and economically viable forum as Defendant is located here and witnesses are located in this jurisdiction.

13.    Proceeding in this Court promotes judicial economy and avoids the unnecessary hardship, delay, and expense that would result from forcing Defendant to ligate in California, which Plaintiff has chosen to waive.

### FACTUAL ALLEGATIONS

**A. The Service Agreement Between HJI and Ellaspocket**

14.    On or about March 25, 2024, HJI and Ellaspocket entered into the Agreement. *See* **Exhibit A.**

15.    Pursuant to the Agreement, payment for HJI's services is due within seven (7) days of any invoice delivered to Ellaspocket from HJI.

16.    As of July 8, 2026, Ellaspocket has over thirty (30) outstanding HJI invoices which remain unpaid.

17.    The outstanding invoices total USD $92,976.28.

18.    To date, Ellaspocket has failed and/or refused to pay for the services provided by HJI.

**B. Ellaspocket Fails to Pay for the Services Rendered by HJI**

19.    On or around June 12, 2026, Daniel Lim, Ellaspocket's sole member, sent Kibum Park, Hanjin's Freight Forwarding Team Manager, an email and Lim clearly acknowledged Ellaspocket's indebtedness and proposed a restructuring payment plan.

20.    Hanjin did not accept the terms of Lim's restructuring payment plan proposal.

21. On July 8, 2026, HJI sent a letter via email and certified mail to Ellaspocket and Daniel Lim, requesting Ellaspocket to remit the full payment for the invoices that remain outstanding and unpaid for transportation services rendered, totaling USD $92,976.28. *See* **Exhibit B**.

22. Ellaspocket failed to respond or pay.

23. On July 21, 2026, HJI and its counsel followed up with Ellaspocket via email and certified mail demanding payment for the outstanding balance of $92,976.28 owed to HJI. *See* **Exhibit C**.

24. Ellaspocket failed to respond or pay.

## COUNT ONE
### Breach of Contract

25. Plaintiff repeats and realleges the foregoing paragraphs of this Complaint as if set forth fully herein.

26. The Agreement is a valid and enforceable contract between HJI and Ellaspocket.

27. HJI fully performed its obligations under the Agreement.

28. The conduct of Defendant as aforesaid constitutes a breach of the Agreement in that Defendant failed to pay amounts due to HJI for transportation services in connection with the Agreement.

29. As a result of the breach by Defendant, HJI has been damaged.

30. HJI is entitled to receive the value of its services, together with its contractual pre-judgment interest, post-judgment interest, and attorneys' fees and costs.

## COUNT TWO
### Breach of the Covenant of Good Faith and Fair Dealing

31.     Plaintiff repeats and realleges the foregoing paragraphs of this Complaint as if set forth fully herein.

32.     The Agreement is a valid and enforceable contract between HJI and Defendant.

33.     HJI fully performed its obligations under the Agreement.

34.     The Agreement, like every contract, implicitly includes a covenant of good faith and fair dealing.

35.     Defendant breached the covenant of good faith and fair dealing by, without limitation, failing to pay amounts due to HJI for transportation services in connection with the Agreement.

36.     As a result of the breach by Defendant, HJI has been damaged.

37.     HJI is entitled to receive the value of its services, together with its contractual pre-judgment interest, post-judgment interest, and attorneys' fees and costs.

## COUNT THREE
### Unjust Enrichment

38.     Plaintiff repeats and realleges the foregoing paragraphs of this Complaint as if set forth fully herein.

39.     HJI performed transportation services at the request and for the benefit of Defendant.

40.     Defendant failed to pay HJI for such services.

41.     Consequently, Defendant was unjustly enriched.

42.     Despite repeated verbal and written demands for payment, Defendant has failed to respond and/or refused to pay HJI.

43.    Equity and good conscience require Defendant to pay HJI for its services, together with its contractual pre-judgment interest, post-judgment interest, and attorneys' fees and costs.

## COUNT FOUR
### Account Stated

44.    Plaintiff repeats and realleges the foregoing paragraphs of this Complaint as if set forth fully herein.

45.    HJI performed transportation services at the request and for the benefit of Defendant.

46.    HJI duly invoiced Defendant for the amounts due to HJI.

47.    Defendant did not make any timely objection to the amounts invoiced by HJI.

48.    Despite repeated verbal and written demands for payment, Defendant has failed to respond and/or refused to pay HJI.

49.    HJI has stated an account – requiring Defendant to pay HJI for its services, together with its contractual pre-judgment interest, post-judgment interest, and attorneys' fees and costs.

## COUNT FIVE
### Quantum Meruit

50.    Plaintiff repeats and realleges the foregoing paragraphs of this Complaint as if set forth fully herein.

51.    HJI performed transportation services at the request and for the benefit of Defendant.

52.    HJI had a reasonable expectation of remuneration for its services.

53.	Despite repeated verbal and written demands for payment, Defendant has failed to respond and/or refused to pay HJI.

54.	Equity and good conscience require Defendant to pay HJI for its services, together with its contractual pre-judgment interest, post-judgment interest, and attorneys' fees and costs.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

A.	On Count One, awarding Plaintiff money damages, in an amount to be determined at trial, against Defendant for breach of contract;

B.	On Count Two, awarding Plaintiff money damages, in an amount to be determined at trial, against Defendant for breach of the covenant of good faith and fair dealing;

C.	On Count Three, awarding Plaintiff money damages, in an amount to be determined at trial, against Defendant for unjust enrichment;

D.	On Count Four, awarding Plaintiff money damages, in an amount to be determined at trial, against Defendant for account stated;

E.	On Count Five, awarding Plaintiff money damages, in an amount to be determined at trial, against Defendant for quantum meruit;

F.	Awarding Plaintiff pre-judgment interest, post-judgment interest, the costs and disbursements of this action, and attorneys' fees; and

G.	Awarding Plaintiff such other and further relief as the Court may deem just and proper.

-8-

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable in this action.

Dated: August 5, 2026

Respectfully submitted,

/s/ Anna Volkov

Anna Volkov, Esq. (547712025)
MONTGOMERY McCRACKEN
WALKER & RHOADS LLP
1735 Market Street, 20th Floor
Philadelphia, PA 19103
Tel: 215-772-7561
avolkov@mmwr.com

Attorneys for Plaintiff